**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DONYELL GERARD JOHNSON, #260264**

    Petitioner,

                                          Civil No: 06-CV-14098
                                          Honorable George Caram Steeh
                                          Magistrate Judge Donald A. Scheer

v.

**MARY BERGHUIS**,

    Respondent.
_____

**OPINION & ORDER RE: GRANTING PETITIONER'S MOTION TO
AMEND PETITION FOR WRIT OF HABEAS CORPUS TO
DELETE UNEXHAUSTED CLAIMS, DENYING RESPONDENT'S
MOTION TO DISMISS & DIRECTING RESPONDENT TO
FILE AN ANSWER ADDRESSING THE MERITS**

**I. Introduction**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of being a felon in possession of a firearm and for carrying or possessing a firearm when committing or attempting to commit a felony. He was sentenced as a second habitual offender to five years plus two years probation. Petitioner raises the following issues: (1) whether the prosecutor was grossly negligent when evidence was lost; (2) whether the trial court committed reversible error when it denied Petitioner's motion to suppress evidence illegally obtained; (3) whether Petitioner was denied his right to effective assistance of counsel due to his failure to file a motion to dismiss the charges; (4) whether the prosecutor failed to meet his burden of proof at trial; and (5) whether Petitioner was denied effective assistance of counsel when he allowed the prosecution to violate MCR 6.110(f).

On February 16, 2007, Petitioner filed a motion to amend or supplement his original habeas petition in order to embellish his ineffective assistance of counsel claim. Respondent filed a motion to dismiss Petitioner's habeas petition asserting that it is a mixed petition with unexhausted claims. Petitioner then filed a "Motion to Amend Information" on April 16, 2007 acknowledging that his original habeas petition had two unexhausted claims, and requested to move forward with his habeas petition with the first three claims being submitted for habeas review. Petitioner therefore requests the following: (1) that those unexhausted claims be stricken from the petition; (2) that the Court disregard Petitioner's first motion to amend or supplement the habeas petition so that habeas review can be conducted relative to the first three issues; and (3) that his "Motion to Amend Information" be granted.

For the reasons set forth below, the Court grants Petitioner's April 16, 2007 "Motion to Amend Information," denies as moot Petitioner's February 13, 2007 "Motion to Amend/Supplement Information," directs Respondent to file an answer addressing the merits of the habeas petition, and denies Respondent's Motion to Dismiss.

## II. Standard of Review

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo,* 177 F.3d 680, 686 (8th Cir. 1999), citing Fed. R. Civ. P 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998).

## III. Discussion

In this case, Petitioner presents the previously stated five claims to this Court for habeas review. Petitioner believed that presenting his fourth and fifth claims to the Michigan Supreme Court without first presenting them to the Michigan Court of Appeals was sufficient for exhaustion purposes. However, after the filing of: (1) Petitioner's February 16, 2007 "Motion to Amend/Supplement Information;" (2) Respondent's dismissal motion; and (3) Petitioner's April 16, 2007 "Motion to Amend Information," Petitioner concedes that his fourth and fifth claims were not properly exhausted in the Michigan courts and requests that these claims be withdrawn from consideration by this Court for habeas review.

A habeas petitioner has a right to amend a petition containing both exhausted and unexhausted claims in order to remove the unexhausted claims. *James v. Giles,* 221 F.3d 1074, 1077 (9th Cir. 2000). This serves as an alternative to the petition being dismissed. *Jackson v. Dormire,* 180 F.3d 919, 920 (8th Cir. 1999). Outright dismissal of this mixed petition would be error without affording Petitioner an opportunity to amend the petition by striking his unexhausted claims. See, *Anthony v. Cambra,* 236 F.3d 568, 574 (9th Cir. 2000). The Court does not find that Respondent would be prejudiced in any way if Petitioner is granted leave to amend his habeas petition. Because Petitioner in this case has filed a motion to amend the petition prior to an adjudication on the merits, the motion to amend should be granted. *Stewart v. Angelone,* 186 F.R.D. 342, 343 (E.D. Va 1999). Accordingly, in lieu of dismissing the petition, the Court will permit Petitioner to strike the unexhausted fourth and fifth claims alleging the prosecution's failure to meet its's burden of proof at trial and Petitioner's ineffective assistance of counsel relative to the prosecution's violation of MCR 6.110(f).

Therefore, Respondent's motion to dismiss the petition is denied. As a result, the Court orders Respondent to file an answer addressing the merits of Petitioner's exhausted claims and further orders Respondent to provide all Rule 5 materials, as none have been provided to date for the Court's review. See *Burns v. Lafler,* 328 F.Supp.2d 711, 717 (E.D. Mich. 2004); Rules Governing §2254 Cases, Rule 5, 28 U.S.C. foll. §2254.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Petitioner's "Motion to Amend/Supplement Information" [Docket No: 6-1, filed February 16, 2007] is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that Respondent's "Motion to Dismiss" [Docket No: 8-1, filed April 3, 2007] is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend Information" [Docket No: 9-1, filed April 16, 2007] is **GRANTED** and Petitioner is permitted to delete the unexhausted fourth and fifth claims alleging the prosecution's failure to meet it's burden of proof at trial and Petitioner's ineffective assistance of counsel relative to the prosecution's violation of MCR 6.110(f).

IT IS FURTHER ORDERED that Respondent shall file all Rule 5 materials relative to this case **forthwith.**

IT IS FURTHER ORDERED that Respondent shall file an answer to the habeas petition in this matter addressing the merits of Petitioner's exhausted claims within **thirty (30) days** after the Court's receipt of the Rule 5 materials.

Dated: September 12, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 12, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk