UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONYELL GERARD JOHNSON, #260264**

    **Petitioner,**

                                  Civil No: 06-CV-14098
                                  Honorable George Caram Steeh
                                  Magistrate Judge Donald A. Scheer

**v.**

**MARY BERGHUIS[1],**

    **Respondent.**

_____/

## OPINION & ORDER DENYING PETITIONER'S
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of being a felon in possession of a firearm and for carrying or possessing a firearm when committing or attempting to commit a felony. He was sentenced as a second habitual offender to five years plus two years probation. Petitioner raises the following issues: (1) whether the prosecutor was grossly negligent when evidence was lost; (2) whether the trial court committed reversible error when it denied Petitioner's motion to suppress evidence illegally obtained; (3) whether Petitioner was denied his right to effective assistance of counsel due to his failure to file a motion to dismiss the charges; (4) whether the prosecutor failed to meet his burden of proof at trial; and (5) whether Petitioner was denied effective assistance of counsel when he allowed the prosecution to violate MCR 6.110(f).

---

       [1]Petitioner's current warden is Cindi S. Curtin.

On February 16, 2007, Petitioner filed a motion to amend or supplement his original habeas petition in order to embellish his ineffective assistance of counsel claim. Respondent filed a motion to dismiss Petitioner's habeas petition asserting that it is a mixed petition with unexhausted claims. Petitioner then filed a "Motion to Amend Information" on April 16, 2007 acknowledging that his original habeas petition had two unexhausted claims, and requested to move forward with his habeas petition with the first three claims being submitted for habeas review. Petitioner therefore requested the following: (1) that those unexhausted claims be stricken from the petition; (2) that the Court disregard Petitioner's first motion to amend or supplement the habeas petition so that habeas review can be conducted relative to the first three issues; and (3) that his "Motion to Amend Information" be granted.

On September 12, 2007, the Court entered an order "Granting Petitioner's Motion to Amend Petition for Writ of Habeas Corpus to Delete Unexhausted Claims, Denying Respondent's Motion to Dismiss & Directing Respondent to File an Answer Addressing the Merits." Pending before the Court is Petitioner's "Motion for Entry of Default Judgment" pursuant to Fed. R. Civ. P. 55(a), (b)(1). For the reasons set forth below, the Court will deny the motion.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs both defaults and default judgments. Rule 55(a) applies to entries of default, and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Rule 55(b)(1) allows the clerk to also enter a default judgment in a few specified cases; otherwise, Rule 55(b)(2) provides that the court may enter a default judgment.

## II. DISCUSSION

In this case, Petitioner argues that a default judgment is proper because Respondent failed to submit an answer to his habeas petition within thirty (30) days after the Court's September 12, 2007 Order directing her to do so. More importantly, Petitioner asserts that as of April 14, 2008, he has not received a copy of Respondent's answer to his habeas petition. Therefore, Petitioner contends that Respondent is in default and habeas relief should be granted. Petitioner's motion is denied for two reasons.

First, Respondent complied with the Court's September 12, 2007 Order by electronically filing her response to the merits of Petitioner's habeas petition on October 11, 2007. Respondent's answer was docketed as entry #13. Therefore, Respondent has pled and defended her position in this matter and is not in default.

Secondly, the Court lacks authority to grant Petitioner's default judgment because such relief is unavailable in a 28 U.S.C. §2254 habeas proceeding based on the failure of state officials to file a timely response to the petition. *Flowers v. Trombley,* No. 05-CV-73539-DT, 2007 WL 1017595, at *1 (E.D. Mich. April 2, 2007) (unpublished) (citing *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir.), *cert denied,* 400 U.S. 906 (1970); *Whitfield v. Martin,* 157 F.Supp.2d 758, 761 (E.D. Mich. 2001). The failure of a respondent to timely file a response does not relieve a habeas petitioner of his burden of proving that his custody is in violation of United States law. *Id.* Therefore, even if Respondent in this case had not filed her response in a timely manner, Petitioner's request for habeas relief would still be denied.

It is unclear why Petitioner has not received a copy of Respondent's answer, as Petitioner has been housed at the same facility since his habeas petition was filed; and Respondent's certificate of

3

service relative to her response, which accurately states Petitioner's name, inmate number and address information, indicates that it was mailed to Petitioner on October 11, 2007. However, the Court is

cognizant of how mail can get lost or otherwise fail to make its destination within the prison system and will order Respondent to mail another copy of her answer to Petitioner at the address of record.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Entry of Default Judgment" [Dkt. #14] is **DENIED.**

IT IS FURTHER ORDERED that Respondent mail another copy of "Respondent's Supplemental Answer in Opposition to Petition for Writ of Habeas Corpus" to Petitioner's current address of record.

Dated: July 21, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---