**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONYELL GERARD JOHNSON, #260264,

    Petitioner,

v.                                       Case No. 2:06-CV-14098
                                                Honorable George Caram Steeh
                                                Magistrate Judge Donald A. Scheer

MARY BERGHUIS,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY & GRANTING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner, Donyell Gerard Johnson, is a state inmate currently incarcerated at G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner was convicted after his Wayne County Circuit Court bench trial of felon in possession of a firearm, Mich. Comp. Laws §750.224f; and carrying or possession of a firearm when committing or attempting to commit a felony, Mich. Comp. Laws §750.227b. He was sentenced as a second habitual offender, Mich. Comp. Laws §769.10, to two years' probation for his felon in possession of a firearm conviction, and five years' imprisonment for his felony-firearm conviction.

Petitioner has filed a petition *pro se* writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

## I. BACKGROUND

On May 23, 2003, at approximately 10:00 pm, Officer David Garcia and Officer Jamaica Joubert were called to respond to a domestic violence dispute at an apartment residence in Detroit, Michigan. Upon approaching the apartment building, Officers Garcia and Joubert observed a female individual running from the building. She requested their help for her aunt who remained in the apartment, where they heard arguing, crying, and screaming. The aunt let the officers into the apartment.

> After entering the [apartment] Officers Garcia and Joubert both saw defendant holding an object by his side that they thought was a gun. Officer Garcia testified that he "saw a dark object. You know, a black object, what appeared to be a handgun. I couldn't describe it exactly, which model it was or anything. But to me it appeared to be a handgun." Officer Joubert testified that the stairway was well lit and that she observed defendant holding something black in his left hand, which she believed was a handgun.
>
> Officer Garcia drew his weapon because he feared for his life. He ordered defendant to drop his weapon and to get down to the ground. Officer Joubert also drew her weapon and ordered defendant to drop whatever he had in his hand. Defendant bent down slightly and threw the object which appeared to be a weapon into the bedroom where he was previously arguing, the room to his left.
>
> * * *
>
> [Officer Joubert] then placed him under arrest and confiscated the handgun from underneath a pile of clothing about one foot from the doorway.[1]

*People v. Johnson,* No: 258101, 2006 WL 75303, *1-*2, (Mich. Ct. App. Jan. 12, 2006).

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court of Appeals raising the following claims:

---

[1] The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, See *Monroe v. Smith,* 197 F. Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd*. 41 Fed. App'x. 730 (6th Cir. 2002).

> I. THE PROSECUTION'S GROSSLY NEGLIGENT LOSS OF CRUCIAL EVIDENCE DENIED DEFENDANT JOHNSON A FAIR TRIAL AND DENIED HIM THE OPPORTUNITY TO REFUTE THE PROSECUTOR'S CASE AGAINST HIM. US CONST AM VI, XIV; MICH CONST ART I, § § 17, 20.
>
> II. THE TRIAL COURT REVERSIBLY ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS THE GUN AS THE PRODUCT OF AN ILLEGAL SEIZURE IN VIOLATION OF DEFENDANT JOHNSON'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS.
>
> III. MR. JOHNSON WAS DENIED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL FAILED TO FILE A MOTION TO DISMISS DUE TO THE VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO A PROMPT ARREST.

The Michigan Court of Appeals affirmed Petitioner's conviction.  *Id.*

Petitioner then sought leave from the Michigan Supreme Court raising the following claims:

> I. THE PROSECUTION'S GROSSLY NEGLIGENT LOSS OF CRUCIAL EVIDENCE DENIED DEFENDANT JOHNSON A FAIR TRIAL AND DENIED HIM THE OPPORTUNITY TO REFUTE THE PROSECUTORS CASE AGAINST HIM. US CONST AM VI, XIV; MICH CONST ART 1 §§17, 20.
>
> II. THE TRIAL COURT REVERSIBLY ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS THE GUN AS THE PRODUCT OF AN ILLEGAL SEIZURE IN VIOLATION OF DEFENDANT JOHNSON'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS. US CONST AM IV; MICH CONST 1963, ART 1, SEC 11.
>
> III. MR. JOHNSON WAS DENIED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL FAILED TO FILE A MOTION TO DISMISS DUE TO THE VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO A PROMPT ARREST.
>
> IV. DEFENDANT-APPELLANT JOHNSON WAS DENIED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL ALLOWED GOVERNMENT TO VIOLATE MCR 6.110(f), THEREBY PREJUDICING MR. JOHNSON.

V. DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF DUE PROCESS WHEN PROSECUTION DID NOT MEET THE BURDEN OF PROOF ON EVERY ELEMENT OF THE CRIMES CHARGED, US CONSTITUTION AM V, XIV; MICH CONST ART 1 §§ 17, 20. DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS WAS VIOLATED WHETHER OR NOT ON THE ACCOUNT OF THE POLICE AND PROSECUTION'S "GOOD OR BAD FAITH" WHERE THE "BEST EVIDENCE" WAS DESTROYED AND FURTHER EVIDENCE BEING INSUFFICIENT TO ESTABLISH REASONABLE DOUBT.

Petitioner's Application for Leave to Appeal was denied. *People v. Johnson*, 475 Mich. 887; 715 NW2d 867 (2006)

Petitioner filed a petition for writ of habeas corpus raising the following claims:

I. THE PROSECUTION'S GROSSLY NEGLIGENT LOSS OF EVIDENCE DENIED ME OF A FAIR TRIAL AND THE OPPORTUNITY TO REFUTE THE CHARGES AGAINST ME, WHICH IS A VIOLATION OF MY DUE PROCESS RIGHTS.

II. THE TRIAL COURTS REVERSIBLE ERROR IN DENYING MY MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED, THEREBY DENYING ME OF MY RIGHT TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES.

III. I WAS DENIED MY RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO FILE A MOTION TO DISMISS CHARGES WITH PREJUDICE DUE TO MY RIGHT TO A PROMPT ARREST.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

4

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); see also *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

5

> The Supreme Court explained the proper application of the "contrary to" clause: A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11.  See also *Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III.  DISCUSSION

### A. The Right to Present a Defense
### & the Destruction of Evidence

Petitioner alleges that he is entitled to habeas corpus relief because he was deprived of his right to a fair trial and his right to present a defense when the police destroyed potentially exculpatory evidence. Police destroyed the handgun that was confiscated from the apartment by Officers Garcia and Joubert. Petitioner was originally charged with the above referenced offenses in May 2003. However, the case was dismissed at the preliminary examination stage because the testifying police officers were unavailable. The charges were re-issued in May 2004. However, between the time the case was dismissed and re-opened, the .38 Smith and Wesson handgun that was confiscated from Petitioner was destroyed. Officer Mark Young testified that it was standard customary practice to destroy evidence after a case has been dismissed. (Tr., 8/16/04, pp. 6-7).

The Due Process Clause requires that the State disclose to criminal defendants "evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "Even in the absence of a specific request, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt." *Id.* However, "the Due Process Clause requires a different result when . . . deal[ing] with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 56 (1988). The state's duty to preserve evidence is "limited to evidence that might be expected to play a significant role in the suspect's defense." *Trombetta*, 467 U.S. at 488 (1984).

7

When the state fails to preserve evidentiary material "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," a defendant must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means. *Monzo v. Edwards,* 281 F. 3d 568, 580 (6th Cir. 2002). A habeas petitioner has the burden of establishing that the police acted in bad faith in failing to preserve potentially exculpatory evidence. *Youngblood*, 488 U.S. at 58; *Malcum v. Burt,* 276 F. Supp. 2d 664, 683 (E.D. Mich. 2003).

Here, the last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that Petitioner's rights were not violated because the police failed to preserve the evidence. Although not specifically citing *Trombetta*, the appellate court does cite *Youngblood* and clearly applied the standard articulated in both cases. The Michigan Court of Appeals held that Petitioner failed to show that the police acted in bad faith or that the evidence was exculpatory. The Court of Appeals reasoned:

> Defendant did not introduce any evidence of bad faith on the part of the police . . . Although defendant characterizes the police's conduct as being "grossly negligent" in his statement of the issue on appeal, defendant makes no showing of bad faith on the part of the police or prosecution. Defendant bears the burden of showing bad faith conduct by the police - that they knew the gun had an exculpatory value to defendant and that they destroyed it after discovering its exculpatory value. *Youngblood, supra* at 56 n.1. Because defendant did not show the police acted in bad faith when they destroyed the gun, his Due Process rights were not violated. *Johnson, supra,* at 365; *Youngblood, supra,* at 58.

*Johnson,* 2006 WL 75303, at *1.

8

The mere fact that the police had control over evidence and failed to preserve it is insufficient, by itself, to establish bad faith, nor will bad faith be found in the government's negligent failure to preserve potentially exculpatory evidence. *Id.* "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the law enforcement's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Youngblood,* 488 U.S. at 56, n.*1.

Petitioner's claim fails because he does not demonstrate in his habeas pleadings that the police acted in bad faith in failing to preserve the gun for trial. *Malcum,* 276 F. Supp. 2d at 683. Even if the police acted in bad faith in failing to preserve the gun, there is no due process violation where the destroyed evidence has only speculative exculpatory value, *United States v. Jobson,* 102 F. 3d 214, 219 (6th Cir. 1996); *Malcum,* 276 F. Supp. 2d at 683; see also *White v. Tamlyn,* 961 F. Supp. 1047, 1063 (E.D. Mich. 1997), and Petitioner has failed to show that this gun was conclusively nor potentially exculpatory.

Finally, Petitioner has presented no evidence to show that the police knew that this evidence was potentially exculpatory when they destroyed the gun. Petitioner's conclusory allegations regarding the alleged destruction of potentially exculpatory material fail to establish that the police, in bad faith, destroyed any evidence with knowledge of its exculpatory value. *See Malcum,* 276 F. Supp. 2d at 683. Consequently, Petitioner's claim regarding the destruction of evidence does not warrant habeas relief.

### B. Fourth Amendment Violation

Petitioner asserts that there was no probable cause for Officers Garcia and Joubert

to seize the subject handgun from his home without a warrant. Therefore, Petitioner claims that the gun is the product of an illegal search and seizure and should have been suppressed. He further claims that the fact that it was not suppressed at trial constitutes a violation of his Fourth Amendment rights and a basis for habeas relief. The Michigan Court of Appeals considered and rejected Petitioner's claim, finding as follows:

> Officers Joubert and Garcia testified that they believed he [Petitioner] was holding a weapon, and they had just heard screaming and arguing coming from inside the room in which he threw the object they believed to be a weapon.
>
> * * *
>
> As such, Officer Joubert had probable cause to believe that an immediate search of the room would produce a gun, meeting the first prong of the exigent circumstances warrant exception. The fact that Officer Joubert heard screaming from the room also supports the finding that the search was necessary to protect herself and others . . . The search also prevented the potential loss of evidence of the crimes defendant had committed. Officer Joubert acted to protect herself and others from what she believed was an unsecured weapon. Thus, the warrantless search did not violate defendant's constitutional protection against unreasonable searches and seizures because it met the exigent circumstance requirement.

*Johnson,* 2006 WL 75303, at *3. Upon review of Petitioner's Fourth Amendment claim, the Court finds that it is without merit under the *Stone v. Powell* doctrine. *Stone v. Powell,* 428 U.S. 465 (1976).

In *Stone v. Powell,* the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. *Id.* at 489; see also *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000). In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism, by which to raise the

Fourth Amendment claim, and the presentation of the claim in the present case must not have been frustrated by failure of that mechanism. See *Gilbert Parke*, 763 F.2d 821, 8323 (6th Cir. 1985). If these two inquires are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state court determination of the claim to have been in error. *Id.* at 824.

In the present case, the Court does not find that Petitioner has satisfied either prong of the Sixth Circuit standard. First, it is undisputed that Michigan has a state procedural mechanism, which in the abstract, presents a full opportunity to raise a Fourth Amendment claim before trial. Typically, such claims are addressed before trial by means of a motion to suppress. See *People v. Ferguson,* 376 Mich. 90, 93-94; 135 N.W.2d 357 (1965) (holding that motions to suppress must be timely made where the factual circumstances constituting the illegal seizure are known to the defendant in advance of trial.) In fact, defense counsel filed with the trial court two motions: (1) a motion to dismiss the charges of carrying a concealed weapon (which was regarded as a motion to quash by the trial court); and (2) a motion to suppress and for an evidentiary hearing. A hearing was held on both motions and they were denied. (Mot. Tr., 6/25/05, at 7-8 ).

Second, the record does not support the conclusion that presentation of his Fourth Amendment claim was somehow frustrated due to a failure of the state's mechanism. Therefore, on habeas review, this Court will not re-examine Petitioner's Fourth Amendment claim that post-arrest evidence should have been suppressed as "poisonous fruit" of his alleged illegal arrest, where the state provided an opportunity for full and fair litigation of Petitioner's Fourth Amendment claim prior to trial. See *Walendzinski v. Renico,* 354

F.Supp.2d 752, 759 (E.D. Mich. 2005). Petitioner is therefore unable to assert a Fourth Amendment claim that the handgun seized from his apartment was the product of an illegal arrest when he raised the factual basis for this claim in the state trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Id.;* see also *Lovely v. Jackson,* 337 F.Supp.2d 969, 976 (E.D. Mich. 2004). Habeas relief is therefore denied as to this issue.

### C. Ineffective Assistance of Counsel for Failure to File a Motion to Dismiss Based Upon a Delay in Petitioner's Arrest

Petitioner claims that defense counsel was ineffective due to his failure to file a motion to dismiss based on the delay between the date of the incident, which was May 23, 2003, and the date the original arrest warrant was issued, which was July 21, 2003. Furthermore, since Officers Garcia and Joubert did not appear at the preliminary examination, resulting in the dismissal Petitioner's original case, he also asserts that the delay in re-issuing the arrest warrant on May 7, 2004 constituted a basis for defense counsel to file a dismissal motion. The Michigan Court of Appeals disagreed, finding:

> Here, defendant has not demonstrated how he was in any way prejudiced by the delay.
>
> * * *
>
> Defendant has not shown that his trial counsel's failure to file a motion to dismiss based on delay in arrest was an error "so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment," especially being mindful of the strong presumption that counsel's performance constituted sound trial strategy.

*Johnson,* 2006 WL 75303, at *4 (citation omitted).

Petitioner admittedly did not raise the ineffective assistance of counsel issue at trial. To the extent that Petitioner contends that any procedural default should be excused

12

because of trial counsel's ineffectiveness in failing to file the delayed arrest motion, ineffective assistance of counsel will constitute "cause" to overcome procedural default only if it constitutes an independent constitutional violation under *Strickland v. Washington,* 466 U.S. 668 (1984). Therefore, for ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Although the Court of Appeals acknowledged Petitioner's failure to preserve this issue for appellate review, it addressed the merits of Petitioner's delayed arrest claim, thus foregoing the need for a cause and prejudice analysis. Therefore, the Court will likewise address the merits of Petitioner's ineffective assistance of counsel claim.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, he must satisfy a two-prong test. In *Strickland v. Washington,* the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687.

Second, the Petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the Petitioner of a fair trial or appeal. *Id.* With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's

performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

The Due Process Clause, however, provides a limited role in protecting criminal defendants against "oppressive" pre-arrest or pre-indictment delay. *U. S. v. Lovasco,* 431 U.S. 783, 789 (1977). Proof of prejudice is generally a necessary but not sufficient element of a due process claim involving pre-indictment delay, and the due process inquiry must consider the reasons for the delay as well as prejudice to the accused. *Id.* at 790. The Sixth Circuit has consistently read *Lovasco* to hold that dismissal for pre-indictment delay is warranted only when the defendant shows: (1) substantial prejudice to his right to a fair trial; and (2) that the delay was an intentional device by the government to gain a tactical advantage. *United States v. Brown*, 959 F. 2d 63, 66 (6th Cir. 1992). The Sixth Circuit has repeatedly held that where the pre-indictment delay is caused merely by negligence on the part of prosecutors or police, no due process violation exists. *U.S. v.*

*Rogers.* 118 F. 3d 466, 476 (6th Cir. 1997) (rejecting the argument that "reckless or negligent disregard of a potentially prejudicial circumstance violates the Fifth Amendment guarantee of due process"); See also *U.S. v. Banks*, 27 Fed. Appx. 354, 357 (6th Cir. 2001)("Our Circuit has recognized that where delay is due to simple negligence and not a concerted effort by the government to gain an advantage, no due process violation exists").

Finally, where a habeas petitioner fails to show that the prosecutor delayed the prosecution for illegitimate reasons, it is unnecessary for a court to determine whether the petitioner satisfies the "substantial prejudice" requirement. See *Wolfe v. Bock,* 253 Fed. Appx. 526, 532 (6th Cir. 2007)(petitioner failed to establish that 15-year delay between murder and his arrest was for illegitimate reasons, as was required to support claim that delay violated petitioner's due process right to a fair trial).

To the extent that the prosecutor delayed prosecution to obtain additional evidence, Petitioner would be unable to establish that the delay was improper. The Supreme Court in *Lovasco* recognized "that the interests of the suspect and society are better served if, absent bad faith or extreme prejudice to the defendant, the prosecutor is allowed sufficient time to weigh and sift evidence to ensure an indictment is well-founded." *United States v. Eight Thousand, Eight Hundred and Fifty Dollars ($ 8,850) in U.S. Currency,* 461 U.S. 555, 563 (1982). To prosecute a defendant following an investigative delay does not deprive him of due process, even if his defense is somewhat prejudiced by the lapse of time. *Lovasco*, 431 U.S. at 796.

The relevant time period in this case is two months (i.e., May 23, 2003 until July 21, 2003). Based upon the foregoing, not only is two months not a presumptively prejudicial delay, but Petitioner has failed to demonstrate how he was prejudiced as a result of the two month delay. Regarding the delay in re-issuing the arrest warrant, although defense counsel did not formally bring a dismissal motion on this claim, he made the trial court aware of the delay and the prejudice to which Petitioner was subjected as a result. (Tr. 8/5/04, at 4). Despite, the trial court being on notice of the procedural history of this matter and the prior delays, it indicated that the trial would proceed. *Id.* at 5. Therefore, defense counsel's failure to file a motion to dismiss based upon a brief two month, non-prejudicial delay or the re-issuance delay would not constitute ineffective assistance of counsel, as the record indicates that the filing of such a motion would not have resulted in a dismissal of the charges. Habeas relief is, therefore, not warranted relative to this claim.

### D. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh*, 521 U.S. 320. In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who

has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant

law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.

### E. *In Forma Pauperis* on Appeal.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,*

17

208 F. Supp. 2d at 765.

The Court concludes that Petitioner should be granted leave to proceed on appeal *in forma pauperis* as any appeal would not be frivolous. See Fed. R. App. 24.

## IV.  CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.

Accordingly,

IT IS ORDERED that the "Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus" [Dkt. #1] is DENIED.


August 26, 2009

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 27, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---